Andrea Issod (SBN 230920)
Marta Darby (SBN 310690)
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
Telephone: (415) 977-5544
Fax: (510) 208-3140
andrea.issod@sierraclub.org
marta.darby@sierraclub.org

**Attorneys for Plaintiff Sierra Club**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIERRA CLUB,<br><br>        Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY<br>and U.S. CUSTOMS AND BORDER<br>PROTECTION,<br><br>        Defendants. | Civil No.<br><br><br>**COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF** |

1    Plaintiff Sierra Club, through counsel, alleges as follows:

2                            **<u>INTRODUCTION</u>**

3        1.      Sierra Club brings this case under the Freedom of Information Act to

4    obtain timely disclosure of agency documents regarding the Trump

5    Administration's controversial plans to expand or replace the border wall along the

6    United States-Mexico border.

7        2.      On January 25, 2017, President Trump signed an Executive Order,

8    entitled "Border Security and Immigration Enforcement Improvements," directing

9    the Secretary of Homeland Security to vastly expand the existing walls along the

10   roughly 1,900-mile southern border that spans California, Arizona, New Mexico,

11   and Texas. On February 20, 2017, the Department of Homeland Security

12   accordingly directed the U.S. Customs and Border Protection to

13           immediately begin planning, design, construction and maintenance of a wall,
             including the attendant lighting, technology (including sensors), as well as
14           patrol and access roads, along the land border with Mexico in accordance
             with existing law, in the most appropriate locations and utilizing appropriate
15           materials and technology to most effectively achieve operational control of
             the border.
16   The Department further directed U.S. Customs and Border Protection to

17   "immediately identify and allocate all sources of available funding" for the

18   planning, designing, constructing, and maintaining of the border wall.

19       3.      Sierra Club is concerned about and seeks documentation of the

20   potential environmental impacts associated with border wall planning, construction

21

                            **COMPLAINT**

and operation. For example, the Secretary of Homeland Security invoked a statutory waiver to exempt border wall construction during the George W. Bush administration. The act of waiving federal statutes like the Clean Water Act, Endangered Species Act, and National Environmental Policy Act put wildlife and the public health of local communities at risk. Habitat set aside for endangered species, including the ocelot, jaguar, and Sonoran pronghorn, has been fragmented and will be damaged even further by building new wall segments.

4.   The human cost of new walls would also be immense, dividing border communities, destroying private land, impeding water flow, harming human health, and causing unnecessary deaths.

5.    The Trump Administration has called for $1.7 billion in development funds for 60 miles of new border wall construction in fiscal year 2017, and $2.8 billion in fiscal year 2018. If built, the new walls would bifurcate the Santa Ana National Wildlife Refuge in the southern tip of Texas, and harm other sensitive areas along the border. The Santa Ana National Wildlife Refuge provides habitat for a diverse of array of rare wildlife species, including the ocelot, an endangered cat of which there are only about 50 remaining in the United States. Expanded walls and related infrastructure also threatens to undermine the tourist economy of the surrounding communities.

6.   Sierra Club is the nation's oldest grassroots environmental

**COMPLAINT**

1   organization, and has long advocated to protect and preserve the cultures of the

2   borderland communities, as well as the region's land, wildlife, and environment.

3   As part of this advocacy, and in line with its longstanding interest in government

4   accountability and transparency, the Sierra Club has filed several requests under

5   the Freedom of Information Act with U.S. Customs and Border Protection to

6   obtain documents regarding plans to expand or replace the border wall along the

7   U.S.-Mexico border. The Sierra Club's Borderlands Grassroots Network Team has

8   been organizing around border issues for many years, and its advocacy has become

9   more urgent in light of President Trump's recent activities.

10          7.     The Department of Homeland Security and U.S. Customs and Border

11  Protection (the Agencies) have violated the Freedom of Information Act by failing

12  to make a "determination," and failing to produce any documents in response to

13  Sierra Club's 2016 and 2017 record requests, and a 2013 Sierra Club request that

14  was remanded back to the Agencies after Sierra Club successfully appealed the

15  final determination.

16          8.     The Agencies have also violated the Freedom of Information Act by

17  failing to conduct an adequate search for records and wrongfully withholding

18  records.

19          9.     Sierra Club brings this lawsuit to hold the Agencies accountable under

20  the law and respectfully requests that the Court order the Agencies to expeditiously

21

**COMPLAINT**

1  produce all non-exempt documents responsive to Sierra Club's records requests.

2     10.    Timely disclosure is imperative. The controversial border wall is a

3  matter of significant public interest and concern; yet, in secret, the Agencies are

4  actively planning, designing, and preparing for construction and maintenance of

5  the wall. Given the significant threat the wall poses to communities and the

6  environment, the public must have timely information about the Trump

7  Administration's plans, including the potential impacts on communities, lands, and

8  wildlife.

9          **JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

10    11.    This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28

11  U.S.C. § 1331.

12    12.    Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B)

13  because Plaintiff Sierra Club has its principal place of business in Oakland,

14  California.

15    13.    For the same reason, intradistrict assignment is proper in the Oakland

16  Division. *See* N.D. Cal. L.R. 3-2.

17              **PARTIES**

18    14.    Plaintiff Sierra Club is incorporated in the State of California as a

19  nonprofit public benefit corporation with headquarters in Oakland, California. The

20  Sierra Club is a national organization with 67 chapters and more than 825,000

21

1   members dedicated to exploring, enjoying, and protecting the wild places of the

2   earth; to practicing and promoting the responsible use of the earth's ecosystems

3   and resources; to educating and enlisting humanity to protect and restore the

4   quality of the natural and human environment; and to using all lawful means to

5   carry out these objectives. Sierra Club is a leading non-governmental organization

6   seeking to educate and mobilize the public on issues of climate change, habitat

7   destruction, and the myriad of human and environmental impacts of the Trump

8   Administration's proposed Border Wall. Sierra Club's Borderlands Grassroots

9   Network Team has been organizing around border issues for many years. To

10  support the Borderlands Team's efforts and to further Sierra Club's longstanding

11  interest in government accountability and transparency, Sierra Club submitted the

12  records requests at issue in this case.

13          15.     Sierra Club brings this action on its own behalf and on behalf of its

14  members. Sierra Club and its members have been and continue to be injured by the

15  Agencies' failure to provide requested records on matters of great public interest

16  and urgency within the timeframes mandated by the Freedom of Information Act.

17  Absent this critical information, Sierra Club cannot advance its mission to educate

18  the public about the proposed expansion of the border wall and its impacts on

19  communities and the environment. The requested relief will redress this injury.

20          16.     Defendant U.S. Department of Homeland Security is a department of

21

1  the executive branch of the U.S. government headquartered in Washington, D.C.,

2  and an agency of the federal government within the meaning of 5 U.S.C.

3  § 552(f)(1). It has in its possession and control the records sought by Sierra Club,

4  and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

5       17.     Defendant U.S. Customs and Border Protection (CBP) is an agency

6  within the U.S. Department of Homeland Security and is also headquartered in

7  Washington, D.C. U.S. Customs and Border Protection has possession, custody,

8  and control of the records that Sierra Club seeks.

9  **STATUTORY FRAMEWORK**

10       18.     The Freedom of Information Act (FOIA) requires federal agencies to

11  promptly release to a public requester, documents and records within the

12  possession of the agency, unless a statutory exemption applies. 5 U.S.C. § 552(a)–

13  (b).

14       19.     Agencies must make reasonable efforts to search for records in a

15  manner that is reasonably calculated to locate all records that are responsive to the

16  FOIA request. *Id*. § 552(a)(3)(C)–(D).

17       20.     The agency must make a determination whether to disclose records

18  within twenty business days of an agency's receipt of a FOIA request. *Id*.

19  § 552(a)(6)(A)(i).

20       21.     If an agency determines that it will comply with the request, it must

21

"promptly" release responsive, non-exempt records to the requester. *Id*. § 552(a)(6)(C)(i).

22.     The Act recognizes that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus the Act identifies nine categories of exemptions. *Id*. § 552(b).

23.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

24.     If an agency makes a final determination to withhold or partially withhold documents, the requester is entitled to appeal the adverse decision to the agency within a period of time "that is not less than 90 days after the date after such adverse determination." *Id*. § (a)(6)(A)(i)(III)(aa).

25.     An agency must make a determination on any appeal within twenty business days of receipt. *Id*. § (a)(6)(A)(ii)

26.     If the agency fails to comply with the statutory time limits to respond to a FOIA request or appeal, the requester is deemed to have exhausted her administrative remedies. *Id*. § 552(a)(6)(C)(i).

27.     District courts have jurisdiction to enjoin an agency from withholding agency records and "order the production of any agency records improperly withheld." *Id*. § 552(a)(4)(B).

28.     The Freedom of Information Act provides a mechanism for

1  disciplinary action against agency officials who have inappropriately withheld

2  records. Specifically, when requiring the release of improperly withheld records, if

3  the Court makes a written finding that "the circumstances surrounding the

4  withholding raise questions whether agency personnel acted arbitrarily or

5  capriciously," a disciplinary investigation is triggered. *Id*. § 552(a)(4)(F)(i).

6  **FACTS**

7  ***Sierra Club's 2013 FOIA Request for Border Wall Documents and Appeal***

8        29.    On April 17, 2013, Sierra Club submitted a FOIA request to U.S.

9  Customs and Border Protection seeking access to the following records:

10  > The Sierra Club requests records dating from January 1, 2010 to the present pertaining to the construction of border fencing (also commonly referred to as the border wall, pedestrian fence, and tactical infrastructure) in the

11  > vicinity of the communities of Roma, Rio Grande City, and Los Ebanos, Texas. These sections of border fencing will be built in the Border Patrol's

12  > Rio Grande Valley sector have been designated O-1, O-2, and O-3. Very little information has been released to the public regarding these sections of border fencing, despite a great deal of local public interest. The Sierra Club

13  > is particularly interested in the impact of these fencing sections on the Lower Rio Grande Valley National Wildlife Refuge and the potential for the impedance of flood waters that may accompany the erection of fencing in

14  > the Rio Grande flood plain.

15  > Responsive documents should include (but not be limited to) internal CBP discussions, memos, meeting notes, presentation materials such as

16  > Powerpoints and handouts, and reports regarding fencing sections O-1, O-2, and O-3. Any contracts that have been prepared and/or put out for bid and/or granted for these sections should be included. Documents should

17  > also include consultations, interactions, and discussions with the Army Corps. of Engineers, the International Boundary Water Commission, US Fish and Wildlife, the State Department, and local government officials and

18  > residents regarding these fencing sections.

*See* Exhibit A.

19

20        30.    Customs and Border Protection assigned Sierra Club's request with

21  tracking number CBP-2013-016845.

1    31.    On September 4, 2015, Customs and Border Protection's FOIA

2  Division stated that CBP-2013-016845 was currently being processed.

3    32.    After repeated requests for updates by Sierra Club, in January 2016,

4  the FOIA request CBP-2013-016845 disappeared from the online queue at

5  FOIAonline, a federal website dedicated to processing FOIA requests.

6    33.    On January 29, 2016, a new tracking number appeared in Sierra

7  Club's online queue, CBP-2016-018165, corresponding to the same April 17, 2013

8  FOIA request.

9    34.    On December 9, 2016, Customs and Border Protection determined

10  that the requested documents were partially releasable, and asserted that FOIA

11  exemptions (b)(4) and (b)(5) applied to Sierra Club's request.

12    35.    Also on December 9, 2016, Customs and Border Protection provided

13  Sierra Club with 10 documents, but those documents were redacted almost in their

14  entirety. *See* Exhibit B.

15    36.    On February 3, 2017, Sierra Club filed a timely administrative appeal

16  to Custom and Border Protection's determination on CBP-2013-016845/CBP-

17  2016-018165. *See* Exhibit C.

18    37.    On March 16, 2017, Customs and Border Protection's Chief of the

19  FOIA Appeals, Policy and Litigation Branch, replied to Sierra Club's February 3,

20  2017 appeal of the 2013 FOIA request in part with:

21

1
2
3
4

In this case, the FOIA Division released certain redacted documents to you but it does not appear as if the FOIA Division searched for a number of other agency records you identified in your appeal. In this respect, your appeal specifically identifies various reports, presentations, plans, and other documents that were requested in your initial FOIA submission. However, as it appears as if the FOIA Division did not search for these records, there is an incomplete administrative record for us to review on appeal in this case.

5
6
7

Accordingly, we are remanding your request to the FOIA Division for processing with instructions that the request should be processed within twenty (20) days from the date of this letter. . . . As mentioned above, you may immediately challenge the FOIA Division's failure to respond to your request in district court.

8   *See* Exhibit D.

9       38.    On April 14, 2017, Customs and Border Protection stated:

10
11
12
13

Please be advised this case has been remanded to the FOIA Division to complete additional searches for responsive records. An additional 30 business days from the date of this letter are needed for the program office to complete a comprehensive search of records. Once the searches have been completed, you will receive additional correspondence with a projected time frame for the completion of the remand.

*See* Exhibit E.

14

15   39.    As of the date of this filing, the Agencies have not made any further

16   determination on Sierra Club's 2013 request or released any additional documents.

17          ***Sierra Club's 2016 FOIA Requests for Border Wall Documents***

18       40.    On November 19, 2016, Sierra Club submitted a FOIA request to

19   Customs and Border Protection seeking access to the following:

20
21

The Sierra Club trying to understand the scope of work that LMI (the Logistics Management Institute) did for Customs and Border Protection regarding border fencing and related tactical infrastructure. According to

LMI's website this work was quite expansive, and LMI and its employees repeatedly pop up in FOIA documents that we have received from CBP and other agencies. LMI employees appear to have played an important role in the Secure Border Initiative Program Management Office. We have received some SBI PMO meeting minutes from 2007 and 2008 that indicate that meetings were held at LMI's McLean, Virginia office.

The Sierra Club specifically seeks documents, including SBI PMO and other meeting minutes and notes, as well as emails, memos, and reports, that involve and/or relate to the participation of LMI employees in the Secure Border Initiative Program Management Office, and meetings at LMI's McLean, Virginia office from January 2006 through the present.

Please include emails, letters, call logs, and other communications regarding these meetings. Customs and Border Protection discussions, reports, updates, presentation materials such as Powerpoints, etc., that pertain to these meetings should be included.

*See* Exhibit F.

41.    Customs and Border Protection assigned the request tracking number CBP-2017-011338.

42.    The Agencies have not made any further determination on Sierra Club's 2016 request, CBP-2017-011338, and have not released any documents.

### *Sierra Club's 2017 FOIA Request for Border Wall Documents*

43.    On May 4, 2017, Sierra Club submitted a FOIA request to Customs and Border Protection seeking access to the following:

1.  All records related to the Border Wall referred to on p. 32 of the Administration's FY 2017 supplemental appropriations request (*see* Exhibit A), including, but not limited to:
    a.  the 14 miles of new Border Wall and 14 miles of replacement Border Wall near San Diego, CA; and
    b.  the 28 miles of levee-Border Wall in the Rio Grande Valley Sector; and
    c.  the 6 miles of new Border Wall proposed in South Texas, hereinafter ("Border Wall Proposals").
2.  All maps and related documents that identify all locations considered or

planned for border fencing/tactical infrastructure described in the FY 2017 Appropriations legislation passed in May 2017 (*see* Exhibit B, p. 69), including but not limited to:

    a. Replacement of primary pedestrian fencing in high priority areas - 20 miles; and

    b. Replacement of vehicle fencing with primary pedestrian fencing in high priority areas - 20 miles; and

    a. Gates for existing barriers- 35 gates.

3. All bids submitted by vendors to Customs and Border Protection ("CBP") and/or the Department of Homeland Security ("DHS") related to the Border Wall Proposals; and

4. All communications between CBP and/or DHS and vendors related to Border Wall Proposals; and

5. All communications between CBP and DHS related to the Border Wall Proposals, including, but not limited to: funding, timetables, and vendor selection; and

6. All existing and/or proposed timetables for the execution and construction of the Border Wall Proposals; and

7. All communications between CBP and/or the DHS with the White House that relate to the Border Wall Proposals; and

8. All communication between CBP and/or DHS and any other Federal Agencies that relate to the Border Wall Proposals.

*See* Exhibit G.

44.    Customs and Border Protection assigned the request tracking number CBP-2017-054695.

45.    On August 11, 2017, three months after Sierra Club's initial request, Customs and Border Protection sent Sierra Club a letter notifying it that the average time to process a request related to "travel/border incidents" was a minimum of 3 to 6 months.

46.    On August 29, 2017, the Sierra Club received an email from Customs

1   and Border Protection with an attached letter, dated August 30, 2017, stating:

2   > [W]e have determined that your request is too broad in scope or did not
    > specifically identify the records which you are seeking. . . .  Whenever
3   > possible, a request should include specific information about each record
    > sought, such as the event that would have created the record, a date range for
4   > the request, and subject matter of the records.

5   The letter directed the Sierra Club to "narrow the scope of your request," noting

6   that "a search for records responsive to your request in it's [sic] present state could

7   potentially return a massive amount of documents which would create an

8   reasonable [sic] burden on the agency." The letter went on asking Sierra Club

9   to "please provide a time frame for items 4 through 8 of your request." The letter

10  concluded with "[t]his is not a denial of your request for records." *See* Exhibit H.

11      47.    The Agencies have not made any further determination on Sierra

12  Club's 2017 request, CBP-2017-054695, nor have the Agencies released any

13  documents.

14

15                          COUNT I

16              Violation of the Freedom of Information Act

17          Failure to Comply with Mandatory Determination Deadline

18      48.    Sierra Club re-alleges and incorporates by reference all the foregoing

19  paragraphs as though fully set forth herein.

20      49.    Sierra Club properly requested records within the Agencies' control.

21

**COMPLAINT**

50.     Section 552(a)(6)(A)(i) of the Freedom of Information Act requires that an agency make a determination as to a records request within twenty business days after receipt of the request.

51.     More than twenty business days have passed since the Agencies received Sierra Club's November 19, 2016 records request, CBP-2017-011338.

52.     The Agencies have failed to provide Sierra Club with a final determination in violation of the Freedom of Information Act.

COUNT II

Violation of the Freedom of Information Act

Failure to Comply with Mandatory Determination Deadline

53.     Sierra Club re-alleges and incorporates by reference all the foregoing paragraphs as though fully set forth herein.

54.     Sierra Club properly requested records within the Agencies' control.

55.     Section 552(a)(6)(A)(i) of the Freedom of Information Act requires that an agency make a determination as to a records request within twenty business days after receipt of the request.

56.     More than twenty business days have passed since the Agencies received Sierra Club's May 4, 2017 records request, CBP-2017-054695.

57.     The Agencies have failed to provide Sierra Club with a final

**COMPLAINT**

1 determination in violation of the Freedom of Information Act.

2

3                                  COUNT III

4                  Violation of the Freedom of Information Act

5          Failure to Comply with Mandatory Determination Deadline

6          58.     Sierra Club re-alleges and incorporates by reference all the foregoing

7 paragraphs as though fully set forth herein.

8          59.     Sierra Club properly requested records within the Agencies' control.

9          60.     Section 552(a)(6)(A)(i) of the Freedom of Information Act requires

10 that an agency make a determination as to a records request within twenty business

11 days after receipt of the request.

12         61.     On March 16, 2017, the U.S. Customs and Border Protection Chief of

13 the FOIA Appeals replied to Sierra Club's February 3, 2017 appeal of the April 17,

14 2013 FOIA request, and remanded the request back to the FOIA Division with

15 instructions that "the request should be processed within twenty (20) days from the

16 date of this letter."

17         62.     More than twenty business days have passed since the FOIA Appeal

18 Branch remanded the 2013 records request, CBP-2016-018165, back to the

19 Agencies "to complete additional searches for responsive records."

20         63.     The Agencies have failed to provide Sierra Club with a final

21

**COMPLAINT**

1   determination in violation of the Freedom of Information Act.

2       64.     Sierra Club has exhausted its administrative remedies with respect to

3   the processing of its records request.

4

5                                    COUNT IV

6                   Violation of the Freedom of Information Act

7               Failure to Conduct Adequate Search for Records

8       65.     Sierra Club re-alleges and incorporates by reference all the foregoing

9   paragraphs as though fully set forth herein.

10      66.     Sierra Club properly asked for records within the Agencies' control.

11      67.     Section 552(a)(3)(C) of the Freedom of Information Act requires that

12  an agency make reasonable efforts to search for requested records.

13      68.     The Agencies' failure to conduct an adequate search for records

14  responsive to Sierra Club's requests violates the Freedom of Information Act.

15

16                                   COUNT V

17                  Violation of the Freedom of Information Act

18               Wrongful Withholding of Non-Exempt Records

19      69.     Sierra Club re-alleges and incorporates by reference all the foregoing

20  paragraphs as though fully set forth herein.

21      70.     Sierra Club properly asked for records within the Agencies' control.

**COMPLAINT**

1    71.    Sierra Club is entitled by law to access to the records requested under

2    the Freedom of Information Act, unless the agency makes an explicit and justified

3    statutory exemption claim.

4    72.    There is no legal basis for the Agencies to assert that any of the nine

5    exemptions to mandatory disclosure apply to withhold records or portions of

6    records from Sierra Club. *See* 5 U.S.C. § 552(b)(1)–(9).

7    73.    The Agencies have violated the Freedom of Information Act by

8    withholding records or portions of records that are responsive to Sierra Club's

9    requests.

10    **PRAYER FOR RELIEF**

11    Sierra Club respectfully requests that this Court grant the following relief:

12    1.    Order the Agencies to conduct a search reasonably calculated to

13    uncover all records responsive to Sierra Club's FOIA requests identified in this

14    complaint;

15    2.    Order the Agencies to produce, within twenty days or by such a date

16    as the Court deems appropriate, any and all non-exempt records responsive to

17    Sierra Club's FOIA requests, and indexes justifying the withholding of any

18    responsive records, or portion thereof, withheld under claim of exemption;

19    3.    Enjoin the Agencies from continuing to withhold any and all non-

20    exempt records or portions thereof responsive to Sierra Club's FOIA requests;

21

**COMPLAINT**

4.    Declare that the circumstances surrounding the delay and withholding raise questions whether agency personnel acted arbitrarily or capriciously;

5.    Award Sierra Club's attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

6.    Grant other relief as the Court deems just and proper.


Dated: September 12, 2017


Respectfully submitted,


_____/s/_____
Andrea Issod (SBN 230920)
Marta Darby (SBN 310690)
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
2101 Webster Street, Suite 1300
Oakland, CA 94612
Telephone: (415) 977-5544
Fax: (510) 208-3140
andrea.issod@sierraclub.org
marta.darby@sierraclub.org

**COMPLAINT**