ANDREA ISSOD (CABN 230920)
JOSHUA SMITH (ORBN 071757) *admitted pro hac vice*

    Sierra Club Environmental Law Program
    2101 Webster Street, Suite 1300
    Oakland, CA 94612
    Telephone: (415) 977-5544
    Fax: (510) 208-3140
    andrea.issod@sierraclub.org
    joshua.smith@sierraclub.org

Attorneys for Plaintiff SIERRA CLUB

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7025
    FAX: (415) 436-6748
    pamela.johann@usdoj.gov

Attorneys for Defendants U.S. DEPARTMENT OF
HOMELAND SECURITY and U.S. CUSTOMS
AND BORDER PROTECTION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY and U.S. CUSTOMS AND<br>BORDER PROTECTION,<br><br>    Defendants. | Case No. 17-cv-05273-KAW<br><br>**NOTICE OF SETTLEMENT** |

    PLEASE TAKE NOTICE that Plaintiff Sierra Club ("Plaintiff" or "Sierra Club") and

Defendants United States Department of Homeland Security ("DHS") and U.S. Customs and Border

Protection ("CBP") (collectively "Defendants") have agreed to a settlement in full of the above-

captioned matter.  The parties have finalized and executed a written agreement memorializing the settlement, which is attached hereto.  A stipulation of dismissal with prejudice will be filed following receipt by Plaintiff's attorney of the settlement payment.

The parties anticipate that the stipulation of dismissal will be filed before the next scheduled Case Management Conference, which is set for July 18, 2023.  *See* Dkt. No. 89.  In the event the parties are unable to file the stipulation of dismissal on or before July 11, 2023, they will submit a joint status report and request to continue the Case Management Conference by that date.

In compliance with Civil Local Rule 5-1(h)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.

DATED: May 15, 2023                    SIERRA CLUB

                                       _____*/s/ Andrea Issod*_____
                                       ANDREA ISSOD
                                       JOSHUA SMITH

                                       Attorneys for Plaintiff

DATED: May 15, 2023                    ISMAIL J. RAMSEY
                                       United States Attorney

                                       _____*/s/ Pamela T. Johann*_____
                                       PAMELA T. JOHANN
                                       Assistant United States Attorney

                                       Attorneys for Defendants

Attachment

ANDREA ISSOD (CABN 230920)
JOSHUA SMITH (ORBN 071757) *admitted pro hac vice*

    Sierra Club Environmental Law Program
    2101 Webster Street, Suite 1300
    Oakland, CA 94612
    Telephone: (415) 977-5544
    Fax: (510) 208-3140
    andrea.issod@sierraclub.org
    joshua.smith@sierraclub.org

Attorneys for Plaintiff SIERRA CLUB

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7025
    FAX: (415) 436-6748
    pamela.johann@usdoj.gov

Attorneys for Defendants U.S. DEPARTMENT OF
HOMELAND SECURITY and U.S. CUSTOMS
AND BORDER PROTECTION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, | )   Case No. 17-cv-05273-KAW |
|     Plaintiff, | ) |
|    v. | )   **SETTLEMENT AGREEMENT** |
| U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. CUSTOMS AND BORDER PROTECTION, | ) |
|     Defendants. | ) |

      IT IS HEREBY STIPULATED by and between the undersigned Plaintiff Sierra Club ("Plaintiff" or "Sierra Club") and Defendants United States Department of Homeland Security ("DHS") and U.S. Customs and Border Protection ("CBP") (collectively "Defendants"), by and

through their respective attorneys, as follows:

1.    Defendants shall pay $13,000 (thirteen thousand dollars and no cents) to Plaintiff in full and complete satisfaction of Plaintiff's claims for attorneys' fees, costs, and litigation expenses under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, in the above-captioned matter.  This payment shall constitute full and final satisfaction of any and all of Plaintiff's claims for attorneys' fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest.  Payment of this money will be made by electronic funds transfer. Defendants will begin processing payment within 10 days from the date that this Settlement Agreement is executed by all the signatories, Defendant receives the signed Stipulation of Dismissal, and Plaintiff provides all necessary information in order to effectuate payment, whichever is later. Defendants will make all reasonable efforts to make payment within 30 days of the date that it begins processing payment but cannot guarantee payment within that time frame.

2.    Upon the execution of this Settlement Agreement, Plaintiff and its successors or assigns hereby releases and forever discharges Defendants, their successors, the United States of America ("United States"), and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiff asserts or could have asserted in this litigation, or which hereafter could be asserted by reason of, or with respect to, or in connection with, or which arise out of, the specific FOIA requests on which this action is based, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation.

3.   The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by its attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights Plaintiff may have pursuant to the provision of that statute and any similar provision of federal law.

Plaintiff understands that, if the facts concerning any injuries, liability for damages pertaining thereto, or liability for attorneys' fees, costs or litigation expenses are found hereafter to be other than or different than the facts now believed by it to be true, this Settlement Agreement shall be and remain effective notwithstanding such material difference.

4.      Simultaneously with Plaintiff's execution of this Agreement, Plaintiff agrees to execute a Stipulation of Dismissal in the form attached as Exhibit A.  The Stipulation of Dismissal shall jointly stipulate that the above-captioned action is dismissed in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Plaintiff concurs in the filing of the Stipulation of Dismissal by Defendants upon the receipt by Plaintiff's attorney of the payment specified in paragraph 1.

5.      The parties acknowledge that this Settlement Agreement is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission of liability or fault on the part of Defendants, the United States, or any of their past or present agents, servants, or employees regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by the Defendants regarding Plaintiff's entitlement to attorneys' fees, costs, or other litigation expenses under FOIA.  This Settlement Agreement shall not be used in any manner to establish liability for fees or costs in any other case or proceeding involving Defendants.

6.      This Settlement Agreement is binding upon and inures to the benefit of the parties hereto and their respective successors and assigns.

7.      If any provision of this Settlement Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

8.      This Settlement Agreement shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Settlement Agreement has been freely and voluntarily entered into by the parties hereto.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Settlement Agreement.

1        9.    The persons signing this Settlement Agreement warrant and represent that they

2    possess full authority to bind the persons on whose behalf they are signing to the terms of the

3    Settlement Agreement.

4        10.    This Settlement Agreement may not be altered, modified, or otherwise changed in

5    any respect except in writing, duly executed by all of the parties or their authorized representatives.

6        11.    Each party hereby agrees that it has participated in the preparation of this Settlement

7    Agreement, had the opportunity to seek counsel regarding the contents of this Settlement

8    Agreement, is fully aware of and understands all of the terms of the Settlement Agreement and the

9    legal consequences thereof, and enters into this Settlement Agreement knowingly and voluntarily.

10   For purposes of construction, this Settlement Agreement shall be deemed to have been drafted by all

11   Parties to this Settlement Agreement and shall not, therefore, be construed against any party for that

12   reason in any subsequent dispute.

13       12.    It is contemplated that this Settlement Agreement may be executed in several

14   counterparts, with a separate signature page for each party.  All such counterparts and signature

15   pages, together, shall be deemed to be one document.

16   DATED: May 15, 2023           SIERRA CLUB

17   

18                                       ANDREA ISSOD
                                    JOSHUA SMITH

19                                       Attorneys for Plaintiff

20   DATED: May 15, 2023           ISMAIL J. RAMSEY
                                    United States Attorney

21   

22                                       PAMELA T. JOHANN
                                    Assistant United States Attorney

23                                       Attorneys for Defendants

24   

25   

26   

27   

28

Exhibit A

ANDREA ISSOD (CABN 230920)
JOSHUA SMITH (ORBN 071757) *admitted pro hac vice*

    Sierra Club Environmental Law Program
    2101 Webster Street, Suite 1300
    Oakland, CA 94612
    Telephone: (415) 977-5544
    Fax: (510) 208-3140
    andrea.issod@sierraclub.org
    joshua.smith@sierraclub.org

Attorneys for Plaintiff SIERRA CLUB

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7025
    FAX: (415) 436-6748
    pamela.johann@usdoj.gov

Attorneys for Defendants U.S. DEPARTMENT OF
HOMELAND SECURITY and U.S. CUSTOMS
AND BORDER PROTECTION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, | ) Case No. 17-cv-05273-KAW |
|     Plaintiff, | ) |
|     v. | ) **STIPULATION OF DISMISSAL WITH** |
| | ) **PREJUDICE** |
| U.S. DEPARTMENT OF HOMELAND | ) |
| SECURITY and U.S. CUSTOMS AND | ) |
| BORDER PROTECTION, | ) |
|     Defendants. | ) |

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and the Settlement Agreement

entered into by the parties to this action, Plaintiff Sierra Club and Defendants United States

Department of Homeland Security and U.S. Customs and Border Protection hereby stipulate and

1   agree that the above-referenced action is voluntarily dismissed with prejudice.  Each party shall bear

2   its own fees and costs, except as set forth in the parties' Settlement Agreement.

3        In compliance with Civil Local Rule 5-1(h)(3), the filer of this document attests under

4   penalty of perjury that each signatory has concurred in the filing of this document.

5        IT IS SO STIPULATED.

6   DATED: May __, 2023                    SIERRA CLUB

7                                          _____

8                                          ANDREA ISSOD
                                           JOSHUA SMITH

9                                          Attorneys for Plaintiff

10  DATED: May __, 2023                    ISMAIL J. RAMSEY
                                           United States Attorney

11

12                                         _____
                                           PAMELA T. JOHANN
                                           Assistant United States Attorney

13
                                           Attorneys for Defendants
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SETTLEMENT AGREEMENT
No. 17-cv-05273-KAW                    2